IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT IN AND FOR ST. LUCIE COUNTY, FLORIDA

**CASE NO.: 2026CA001239**

CHARLENE L. MAXION,

Plaintiff,

vs.

PROGRESSIVE AMERICAN INSURANCE COMPANY, a Foreign Profit Corporation and AMERICAN STRATEGIC INSURANCE CORP., a Foreign Profit Corporation,

Defendant.
_______________________________________/

# COMPLAINT

**COMES NOW** the Plaintiff, CHARLENE L. MAXION, by and through the undersigned attorney, sues the Defendants, PROGRESSIVE AMERICAN INSURANCE COMPANY, a Foreign Profit Corporation and AMERICAN STRATEGIC INSURANCE CORP., a Foreign Profit Corporation, and as grounds therefore allege as follows:

## GENERAL ALLEGATIONS

1. That this is an action for damages in excess of Fifty Thousand and One Dollars ($50,001.00), within the jurisdictional limits of this Court.

2. That at all times material herein, Plaintiff, CHARLENE L. MAXION, was a resident of Indian River County, State of Florida and was otherwise sui juris.

3. That at all times material herein, Defendant, PROGRESSIVE AMERICAN INSURANCE COMPANY (hereinafter referred to as "PROGRESSIVE") was a foreign profit corporation licensed to do business in the State of Florida.

4. That at all times material hereto, Defendant, AMERICAN STRATEGIC INSURANCE CORP. (hereinafter referred to as "ASI") was a foreign profit corporation licensed to do business in the State of Florida.

5. That the tortfeasor, ERIC REEVES (hereinafter referred to as "REEVES"), resides in St. Lucie County, Florida.

6. Venue is proper in St. Lucie County, Florida, because the subject motor vehicle collision occurred in Fort Pierce, St. Lucie County, Florida.

7. That the Plaintiff and the insured have satisfied all conditions precedent to the filing of this suit for underinsured motorist benefits.

**COUNT I – CLAIM FOR UNINSURED MOTORIST BENEFITS AGAINST DEFENDANT PROGRESSIVE AMERICAN INSURANCE COMPANY**

8. Plaintiff realleges and incorporates paragraphs 1 through 7 as though fully set forth herein.

9. That on or about May 8, 2025, the tortfeasor, REEVES was the driver of a 2014 Mercedes E350 at or near intersection of North U.S. Highway 1 and Avenue E in Fort Pierce, Florida.

10. That at the time and place, the tortfeasor, REEVES, negligently operated and/or his motor vehicle so that it rear-ended with the 2020 Acura MDX owned and operated by Plaintiff, Charlene L. Maxion, causing injuries to Plaintiff.

11. That as a direct and proximate result of the negligence of the tortfeasor, REEVES, as herein above alleged, the Plaintiff, CHARLENE L. MAXION, was caused to suffer significant bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life and expense of medical treatment. The losses are either permanent or continuing in nature, and Plaintiff, CHARLENE L. MAXION, will suffer the losses in the future.

12. That as a direct and proximate result of the negligence of the tortfeasor, REEVES, Plaintiff, CHARLENE L. MAXION, suffered property damage in the form of significant damage to her vehicle.

13. That the Defendant, PROGRESSIVE, provided underinsured motorist coverage which would apply to the Plaintiff, CHARLENE L. MAXION, as an insured on the policy 940654572. A copy of the Dec sheet is attached as "Exhibit A".

14. That at the time of the subject collision, tortfeasor, REEVES had no bodily injury liability insurance coverage thus entitling the Plaintiff to coverage under the Defendant's insurance policy.

15. That Defendant PROGRESSIVE is required by contract to pay any and/or adequate funds to Plaintiff under the subject UM/UIM coverage.

16. That the Defendant PROGRESSIVE failed to offer or pay any and/or adequate funds under the subject UM/UIM coverage when requested by Plaintiff.

17. Pursuant to the provisions of the contract/policy of insurance, Defendant, PROGRESSIVE is obligated to pay Plaintiff for the damages recoverable to Plaintiff as a direct and proximate result of the negligence of tortfeasor, REEVES.

**WHEREFORE**, the Plaintiff, CHARLENE L. MAXION, demands judgment against PROGRESSIVE AMERICAN INSURANCE COMPANY for damages, in an amount in excess of Fifty Thousand and One Dollars ($50,001.00) Dollars, exclusive of costs and interest, and other relief this Honorable Court deems just and proper, and further demands trial by jury.

**COUNT II – CLAIM FOR UNINSURED MOTORIST BENEFITS AGAINST DEFENDANT AMERICAN STRATEGIC INSURANCE CORP.**

18. Plaintiff realleges and incorporates paragraphs 1 through 7 and 9 through 17 as though fully set forth herein.

19. That Plaintiff is an insured entitled to coverage under the Defendant ASI umbrella policy.

20. That the Defendant ASI policy affords excess uninsured motorist coverage applicable to Plaintiff's covered damages, subject to the terms, conditions, limitations, and exclusions of the policy.

21. That the Defendant ASI issued and/or administered a personal umbrella insurance policy affording uninsured/underinsured coverage to Plaintiff under policy number FLU114529, related claim number 1572490-251001. A copy of the Dec sheet is attached as "Exhibit B".

22. That Plaintiff's damages exceed the available underlying uninsured motorist coverage, thereby triggering ASI's excess uninsured motorist coverage obligations.

23. That the Defendant ASI has failed and/or refused to tender benefits due and owing under the umbrella policy.

**WHEREFORE,** the Plaintiff, CHARLENE L. MAXION, demands judgment against AMERICAN STRATEGIC INSURANCE CORP. for damages, in an amount in excess of Fifty Thousand and One Dollars ($50,001.00) Dollars, exclusive of costs and interest, and other relief this Honorable Court deems just and proper, and further demands trial by jury.

**COUNT III – STATUTORY BAD FAITH CLAIM AGAINST DEFENDANT PROGRESSIVE AMERICAN INSURANCE COMPANY**

24. Plaintiff re-alleges and incorporates paragraphs 1 through 7, 9 through 17 and 19 through 23 as though fully set forth herein.

25. That Plaintiff timely reported her claim to Defendant, PROGRESSIVE, and otherwise complied with all obligations under the applicable insurance policy.

26. That Plaintiff filed a Civil Remedy Notice of Insurer Violations pursuant to section 624.155, Florida Statutes, relating to policy number 940654572, and served a copy upon Defendant

PROGRESSIVE. More than sixty (60) days have passed since the filing and service of the Civil Remedy Notice, and Defendant PROGRESSIVE failed to cure the violations alleged therein.

27. That as a result of the injuries caused by the negligence of the uninsured tortfeasor, REEVES, and the contractual relationship between the parties, Defendant PROGRESSIVE owed Plaintiff a duty to attempt in good faith to settle Plaintiff's uninsured motorist claim when, under all the circumstances, it could and should have done so had it acted fairly and honestly toward Plaintiff and with due regard for her interests.

28. That Defendant PROGRESSIVE breached its statutory duties to Plaintiff, including but not limited to violations of section 624.155, Florida Statutes, by:

a. Not attempting in good faith to settle Plaintiff's claim when, under all the circumstances, it could and should have done so had it acted fairly and honestly toward Plaintiff and with due regard for her interests;

b. Failing to adopt and implement standards for the proper investigation of claims;

c. Failing to acknowledge and act promptly upon communications with respect to claims;

d. Failing to promptly provide a reasonable written explanation to Plaintiff of the basis in the insurance policy, in relation to the facts or applicable law, for denial of the claim or for any compromise settlement offer;

e. Failing to promptly notify Plaintiff of any additional information necessary for the processing of the claim; and

f. Failing to clearly explain the nature of requested information and the reasons such information were necessary.

29. That Plaintiff seeks all damages recoverable under applicable Florida law as a result of Defendant Progressive's statutory bad faith conduct.

**WHEREFORE,** the Plaintiff, CHARLENE L. MAXION, demands judgment against PROGRESSIVE AMERICAN INSURANCE COMPANY for damages, in an amount in excess of Fifty Thousand and One Dollars ($50,001.00) Dollars, exclusive of costs and interest, and other relief this Honorable Court deems just and proper, and further demands trial by jury.

**COUNT IV – STATUTORY BAD FAITH CLAIM AGAINST DEFENDANT AMERICAN STRATEGIC INSURANCE CORP.**

30. Plaintiff re-alleges and incorporates paragraphs 1 through 7, 9 through 17, 19 through 23 and 25 through 29 as though fully set forth herein.

31. That Plaintiff timely reported her claim to Defendant, ASI, and otherwise complied with all obligations under the applicable insurance policy.

32. That Plaintiff filed a Civil Remedy Notice of Insurer Violations pursuant to section 624.155, Florida Statutes, relating to policy number FLU114529, and served a copy upon Defendant ASI. More than sixty (60) days have passed since the filing and service of the Civil Remedy Notice, and Defendant ASI failed to cure the violations alleged therein.

33. That as a result of the injuries caused by the negligence of the uninsured tortfeasor, ERIC REEVES, and the contractual relationship between the parties, Defendant ASI owed Plaintiff a duty to attempt in good faith to settle Plaintiff's uninsured motorist claim when, under all the circumstances, it could and should have done so had it acted fairly and honestly toward Plaintiff and with due regard for her interests.

34. That Defendant ASI breached its statutory duties to Plaintiff, including but not limited to violations of section 624.155, Florida Statutes, by:

a. Not attempting in good faith to settle Plaintiff's claim when, under all the circumstances, it could and should have done so had it acted fairly and honestly toward Plaintiff and with due regard for her interests;

b. Failing to adopt and implement standards for the proper investigation of claims;

c. Failing to acknowledge and act promptly upon communications with respect to claims;

d. Failing to promptly provide a reasonable written explanation to Plaintiff of the basis in the insurance policy, in relation to the facts or applicable law, for denial of the claim or for any compromise settlement offer;

e. Failing to promptly notify Plaintiff of any additional information necessary for the processing of the claim; and

f. Failing to clearly explain the nature of requested information and the reasons such information were necessary.

35. That Plaintiff seeks all damages recoverable under applicable Florida law as a result of Defendant ASI's statutory bad faith conduct.

**WHEREFORE**, the Plaintiff, CHARLENE L. MAXION, demands judgment against AMERICAN STRATEGIC INSURANCE CORP. for damages, in an amount in excess of Fifty Thousand and One Dollars ($50,001.00) Dollars, exclusive of costs and interest, and other relief t

**DEMAND FOR JURY TRIAL**

The Plaintiffs in the above styled cause hereby demand a trial by jury of all of the issues triable by right.

Dated: May 28, 2026

GOLDLAW, P.A.
*Attorney for Plaintiff*
1641 Worthington Road, Suite 300
West Palm Beach, FL 33409
(561) 697-4440

By:______________________________
Spencer T. Kuvin
FL Bar No.: 89737
maxioncharlene12628519@goldlaw.filevineapp.com
skuvin@goldlaw.com
sgoldman@goldlaw.com
aattick@goldlaw.com

NavSav - Vero Beach
6250 DELAWARE STE B
BEAUMONT, TX 77706

PROGRESSIVE AUTO

**Policy Number: 940654572**
Underwritten by:
Progressive American Insurance Co
December 28, 2024
Policy Period: Jan 31, 2025 - Jul 31, 2025
Page 1 of 2

JORGE L MAXION
CHARLENE L MAXION

**1-772-539-9727**
**NavSav - Vero Beach**
Contact your agent for personalized service.

**agent.progressive.com**
**Online Service**
Make payments, check billing activity, update policy information or check status of a claim.

**1-800-274-4499**
To report a claim.

# Auto Insurance Coverage Summary

This is your Renewal Declarations Page

The coverages, limits and policy period shown apply only if you pay for this policy to renew.

Your coverage begins on January 31, 2025 at 12:01 a.m. This policy expires on July 31, 2025 at 12:01 a.m.

Your insurance policy and any policy endorsements contain a full explanation of your coverage. The policy limits shown for a vehicle may not be combined with the limits for the same coverage on another vehicle, unless the policy contract or endorsements indicate otherwise. The policy contract is form 9611A FL (07/17). The contract is modified by forms A340 (01/22), A261 FL (09/22), A379 FL (02/23), A264 (02/22), A331 (11/21) and A229 FL (07/23).

## Drivers and household residents

**Jorge L Maxion**
Additional information: Named insured

**Charlene L Maxion**
Additional information: Named insured

## Outline of coverage

**2020 ACURA MDX 4 DOOR WAGON**
VIN: **5J8YD3H55LL009385**
Garaging ZIP Code: 32963
Primary use of the vehicle: Pleasure/Personal
Length of vehicle ownership when policy started or vehicle added: Less than 1 month

| | Limits | Deductible | Premium |
|---|---|---|---|
| Liability To Others | | | |
| Bodily Injury Liability | $250,000 each person/$500,000 each accident | | $449 |
| Property Damage Liability | $100,000 each accident | | 119 |
| Personal Injury Protection/Deductible applies to Named Insured/Spouse/Dependent Resident Relatives | $10,000 | $0 | 131 |
| Uninsured Motorist - Stacked | $250,000 each person/$500,000 each accident | | 554 |
| Medical Payments | $5,000 each person | | 23 |
| Comprehensive | Actual Cash Value | $250 | 91 |
| Collision | Actual Cash Value | $500 | 151 |
| Rental Reimbursement | up to $50 each day/maximum 30 days | | 27 |
| Roadside Assistance | | | 5 |
| Total premium for 2020 ACURA | | | **$1,550** |



EXHIBIT A

Continued

**2020 JEEP WRANGLER 4 DOOR WAGON**
VIN: **1C4HJXEM8LW318356**
Garaging ZIP Code: 32963
Primary use of the vehicle: Pleasure/Personal
Annual miles: 10,000 - 11,999
Length of vehicle ownership when policy started or vehicle added: Less than 1 month

| | Limits | Deductible | Premium |
|---|---|---|---|
| Liability To Others | | | |
| Bodily Injury Liability | $250,000 each person/$500,000 each accident | | $491 |
| Property Damage Liability | $100,000 each accident | | 123 |
| Personal Injury Protection/Deductible applies to Named Insured/Spouse/Dependent Resident Relatives | $10,000 | $0 | 94 |
| Uninsured Motorist - Stacked | $250,000 each person/$500,000 each accident | | 381 |
| Medical Payments | $5,000 each person | | 16 |
| Comprehensive | Actual Cash Value | $250 | 61 |
| Collision | Actual Cash Value | $500 | 127 |
| Rental Reimbursement | up to $50 each day/maximum 30 days | | 26 |
| Roadside Assistance | | | 5 |
| Total premium for 2020 JEEP | | | **$1,324** |
| **Total 6 month policy premium** | | | **$2,874.00** |
| Discount if paid in full | | | -552.00 |
| **Total 6 month policy premium if paid in full** | | | **$2,322.00** |

## Premium discounts

| Policy | |
|---|---|
| 940654572 | Multi-Policy, Five-Year Accident Free, Home Owner, Multi-Car, Continuous Insurance: Platinum, Paperless and Three-Year Safe Driving |

| Vehicle | |
|---|---|
| 2020 ACURA MDX | Anti-Lock Brakes, Driver and Passenger-side Airbag and Passive Anti-theft Device |
| 2020 JEEP WRANGLER | Anti-Lock Brakes, Driver and Passenger-side Airbag and Passive Anti-theft Device |

## Policyholder inquiries

You may call your agent at 1-772-539-9727 to present inquiries or obtain information about coverage, and to obtain assistance with any complaints.

## Agent signature



## Company officers



Secretary

American Strategic Insurance Corp
1 ASI Way
St. Petersburg, FL 33702
Phone: (727) 374-2502

PROGRESSIVE® UMBRELLA

## Personal Umbrella Declarations Page

**Agent:**
NavSav - Vero Beach
1406 19th Pl
Vero Beach, FL 32960

**Agent Code:** 513392
**For Policy Service, Call:** (772) 539-9727

**Total Policy Premium:** $593
**Policy Number:** FLU114529
**Plan Type:** UMB

**Policy Period:** From: 07/31/2024 To: 07/31/2025

**Effective Date of Transaction:** 07/31/2024
**Transaction Type:** Renewal

**Named Insured:**
JORGE L MAXION

**Premises Location(s):**
1330 White Heron Ln, Vero Beach, FL 32963
25190 E Hwy 316, Fort McCoy, FL 32134

**Coverage Limit:** **$ 1,000,000**

| *Coverages* | Limit | Premium |
|---|---|---|
| Liability Base Premium | $ 1,000,000 | $200.00 |
| Uninsured/Underinsured Motorist Coverage | $ 1,000,000 | $140.00 |

| *Surcharges & Discounts* | Premium |
|---|---|
| Total # of Autos | $0.00 |
| Residential Properties (1-2 Family) | $50.00 |
| Residential Properties (3-4 Family) | $0.00 |
| Desired Coverage Limit | $0.00 |
| Adults Aged 22 to 79 | $0.00 |
| Under 22 with Clean Driving Record | $0.00 |
| Under 22 without Clean Driving Records | $0.00 |
| Licensed < 1 yr | $0.00 |
| Moving Violations | $0.00 |
| At Fault Accidents | $0.00 |
| Increased Underlying Property Liability | ($10.00) |
| Total # Automobiles (UIM) | $0.00 |
| Adult Drivers (UIM) | $0.00 |
| All Moving Violations (UIM) | $0.00 |
| At Fault Accidents (UIM) | $0.00 |
| Territory Factor | $98.00 |
| Territory Factor (UIM) | $49.00 |
| Swimming Pool/Spas | $40.00 |
| Autos/Motorcycles | $0.00 |
| Adults Aged 80 and Older | $0.00 |
| Adults Aged 80 and Older (UIM) | $0.00 |
| Minimum Limit Premium Adjustment | $0.00 |
| Policy Fee | $25.00 |
| Florida Insurance Guaranty Association Emergency Assessment | $5.62 |
| e-Policy Discount | ($5.00) |
| **TOTAL POLICY PREMIUM:** | **$593.00** |

**All Insureds:**

Maxion, Jorge L.
Maxion, Charlene L.

**Policy Forms:**

| | |
|---|---|
| Amendment of Policy Provisions - Florida | ASI PUP FL SP 10 20 ✓ |
| Auto Liability Following Form - Florida | ASI PUP FL ALF 10 20 ✓ |
| Public Or Livery Conveyance Exclusion - Florida | ASI PUP FL PCE 10 20 ✓ |
| Uninsured/Underinsured Motorist Coverage - Florida | ASI PUP FL UUM 10 20 ✓ |
| Personal Umbrella Liability Policy | DL 98 01 06 98 ✓ |

**Policyholder:** JORGE L MAXION **Policy ID:** **FLU114529**

**Additional Interest:**

This is a true and certified copy of the original policy issued.

Date: 11/20/25

President

Agent

**Policyholder:** JORGE L MAXION **Policy ID:** **FLU114529**

***Required Retained Limits***

**All Automobiles, Motorcycles, Motorhomes, Mopeds, and All Road Licensed Vehicles:**

**Required Retained Limits** *(Does not apply for Premises Only Liability policies)*

$250,000 / $500,000 / $100,000 or $300,000 CSL for policies with any drivers age 22-79

$500,000 / $500,000 / $500,000 or $500,000 CSL for policies with any drivers 21 and younger or 80 and older *

**All Automobiles and Motorhomes Requesting UM Coverage:**

**Required Retained Limits**

UM: $250,000 / $500,000 / $100,000 or $300,000 CSL for policies with any drivers age 22-79

UM: $500,000 / $500,000 / $500,000 or $500,000 CSL for policies with any drivers 21 and younger or 80 and older

**Comprehensive Personal Liability, Homeowners, or Farm Comprehensive Personal Liability:**

**Required Retained Limits**

$300,000

**Residential Rental Properties Covered Under the Dwelling Fire Policy for 1-4 Family Residences:**

**Required Retained Limits**

$300,000

**Personal Injury Coverage Endorsed to the Homeowners Policy** (whenever available):

**Required Retained Limits** *(Does not apply for Premises Only Liability policies)*

$300,000

**All Recreational Vehicles Including Golf Carts, Utility Vehicles, Trail Bikes or Other Vehicles Not Required to be Licensed:**

**Required Retained Limits** *(Does not apply for Premises Only Liability policies)*

$250,000 / $500,000 / $100,000 or $300,000 CSL

**Watercraft:**

**Required Retained Limits** *(Does not apply for Premises Only Liability policies)*

$250,000 / $500,000 / $100,000 or $300,000 CSL

* Required Retained Limits are reduced to $250,000/$500,000/$100,000 or $300,000 CSL when the Underlying Automobile Surcharge is applied.

***Detailed Schedule***

**Automobiles**

| Make | Model |
|---|---|
| Acura | N/A |
| Jeep | N/A |

**Motorcycles and Mopeds**

| Make | Model |
|---|---|
| N/A | N/A |

**Watercraft**

| Make | Model | Length (ft) | MPH |
|---|---|---|---|
| N/A | N/A | N/A | N/A |

**Golf Carts, Utility Vehicles or Recreational Vehicles**

| Make | Model |
|---|---|
| E-Z Go 4 passenger | N/A |
| HRTV Utility trailer (Pull Behind) | N/A |

**Policyholder:** JORGE L MAXION **Policy ID:** **FLU114529**

**Motorhomes**

| Make | Model |
| --- | --- |
| N/A | N/A |

**Important Message(s):**

1. **Failure to maintain the Required Retained Limits may prevent this policy from providing coverage. The Required Retained Limits shall apply regardless of any applicable sublimit or reduced limits for specified occurrences.**
2. You must notify us of any change in your retained limits or coverage.
3. Your underlying insurance carrier must have an AM Best rating of B+ or better or a Demotech rating of A or better.

**Notes:**